Kansas City Southern Railway Company *v.* McCrossen.

Opinion delivered October 6, 1919.

1. RAILROADS—KILLING MULE ON RIGHT-OF-WAY—UNCONTRADICTED EVIDENCE.—In an action for damages for killing plaintiff's mule, when defendant railway's engineer and fireman testified that they struck a mule, but observed him too late on account of a curve in the track, and plaintiff's witnesses testified that at that point the track is straight for some distance, the railway company was not entitled to a directed verdict on the ground that its testimony was uncontradicted.

2. SAME—SAME—FAILURE TO KEEP PROPER LOOKOUT.—Under the facts set out above, the jury was warranted in finding that a proper lookout was not maintained, and an instruction fixing liability if a proper lookout was not kept was properly given.

3. SAME—SAME—PRIMA FACIE CASE OF NEGLIGENCE.—When the evidence showed that plaintiff's mule was killed by a train, a *prima facie* case of negligence is made out, and the duty then shifts to the defendant railway company, to go forward with evidence exonerating it from the charge of negligence.

4. SAME—SAME—PRESUMPTION THAT ANIMALS WILL GET OFF TRACK.—The engineer of a train has no right to proceed upon the assumption that any animal on the track will get off before it is struck by the train.

Appeal from Little River Circuit Court; *James S. Steel*, Judge; affirmed.

*June R. Morrell* and *James B. McDonough*, for appellant.

1. The court should have directed a verdict for the defendant, as the testimony shows that the engineer in charge of the train could not have prevented the killing

or that the train ran down the animal. The engineer did not see the mule, but he was sounding the whistle and making every effort to avoid striking the mare and colt and did not know the mule was on the other side and could not see him. He came suddenly before the engine, and the engineer could not see him and he was struck before the fireman could notify the engineer, therefore there was no liability, and a verdict should have been instructed. 66 Ark. 439; 67 *Id.* 514; 89 *Id.* 120; 78 *Id.* 234; 53 *Id.* 96; 69 *Id.* 659. There was no failure to keep a proper lookout. Under the proof the engineer was not required to slow up the train. 37 Ark. 593; 119 *Id.* 316; 119 Ala. 611; 29 So. 594; 39 S. W. 320; *Ib.* 31; 21 So. 249; 28 *Id.* 806.

2. The court erred in giving and refusing instructions. 9 Ark. 312; 37 *Id.* 593; 105 *Id.* 278; 119 *Id.* 278; 119 *Id.* 530; 77 *Id.* 234; 110 *Id.* 188.

3. Before the burden of proof is shifted to the railway company it must be shown that the animal was killed by the train and the instruction that the fact the mule was found killed on the right-of-way shifted the burden and a *prima facie* case was made was error. 60 Ark. 187; 56 *Id.* 549; 42 *Id.* 122.

4. It was error to give No. 2, requested by defendant. The animal was not on the track, but merely on the right-of-way. Cases *supra;* 37 Ark. 593; 99 *Id.* 226; 24 So. 373; 21 *Id.* 249.

5. It was error to refuse No. 3, asked by defendant. *Supra.*

*A. P. Steel* and *Langley & Johnson,* for appellee.

1. It was a question for the jury whether the mule was struck on a straight track or a curve or whether the proper lookout was kept by the fireman or engineer. This court will not interfere with a verdict unless there is a total want of evidence to sustain it. 51 Ark. 467; 56 *Id.* 314; 70 *Id.* 385. Here the evidence sustains the verdict.

2. It was the imperative duty of defendant to show a proper lookout was kept. 74 Ark. 606. This must

be done by credible witnesses and must not be contradicted upon any material point by circumstances or direct evidence. 88 Ark. 12; 83 *Id.* 217. See especially *K. C. So. Ry. Co.* v. *Whitley,* 139 Ark. 255.

HART, J. Appellant prosecutes this appeal to reverse a judgment of the circuit court against it in favor of appellee for the alleged negligent killing of a mule by one of its trains. Briefly stated, the evidence for appellee tended to prove the following facts:

Some time during the first part of August, 1918, a mule belonging to appellee was found twenty-five or thirty steps from the railroad track of appellant about one and a half miles north of Wilton in Little River County, Arkansas. The mule was struck about the hips and upon the back and was considerably scarred all over. He was found about 250 yards beyond a public crossing and about twenty-five or thirty steps from the point where something appeared to have been knocked off of the railroad track. An examination showed that some animal's knees had struck the dirt, and there were prints in the earth where its head had scoured the ground on the side of the railroad track. A few days later the mule died as a result of his injuries. From the point where it was found that something had been knocked off of the track and from where the mule was found, you could see a mile or more up the track; that is to say, the track was straight for that distance.

The witnesses for appellant admitted that one of its trains struck the mule of appellee and knocked it off of the track. According to the testimony of the engineer and fireman who were operating the train that struck the mule, they were both keeping a lookout and did not see the mule in time to avoid striking it. The accident happened on a curve and for that reason the engineer was unable to see the mule as it went upon the track. The fireman stated that as soon as he saw the mule come on the track, he called the engineer's attention to it; but it was too late to stop the train in order to avoid striking the mule; that the train was two or three hundred feet

from the mule and a mare and colt when the animals were first discovered; that the mule started suddenly to run across the track and saw it could not make it, and then ran down the track; that it barely got started down the track when the pilot beam of the engine struck it.

(1) From the above statement of facts, it is readily apparent that the testimony of appellant's witnesses is not uncontradicted and does not therefore overcome the *prima facie* case of negligence made out by showing that the mule was struck and killed by the moving train. Both the engineer and fireman testified that the mule was killed beyond the public crossing and that there was a curve there which prevented the engineer from seeing the mule in time to have avoided striking him.

According to the evidence adduced by appellee the mule was struck 250 yards beyond the crossing and the track was perfectly straight there. Thus the jury were warranted in finding that the engineer could have seen the mule if he had been keeping the lookout required by the statute. *K. C. So. Ry. Co.* v. *Whitley,* 139 Ark. 255. Therefore the court properly held that the appellant was not entitled to a directed verdict.

(2) The next assignment of error is that the judgment must be reversed because the court gave the following instruction:

"The court instructs the jury that if you find from the evidence in this case that the defendant's servants could have seen the mule killed in this action by discharging their duty in keeping a lookout and in the exercise of ordinary care prevented the killing you will find for the plaintiff."

The error complained of is that under the evidence in the case there is no proof that the engineer or fireman failed to keep a lookout, or that by keeping a lookout the mule could have been seen by them. In other words, counsel insist that there is no proof to show that the mule was killed because of any failure to keep a lookout. As we have just seen, the evidence for appellee tended to show that the track was perfectly straight for

some distance at the point where the mule was struck. It also shows that the mule had turned and was running on the track at the time he was struck. Hence the jury was warranted in finding that a proper lookout was not kept by the engineer and fireman and there was no error in giving this instruction.

It is next insisted that the court erred in giving the following instruction:

"The court instructs you that if you believe from the evidence in this case that plaintiff's mule was found killed or injured on the right-of-way of defendant's road, that this makes out a *prima facie* case of negligence against the defendant and the burden then shifts to the defendant to show that said mule was not killed by its negligence in the operation of its train."

(3)   It is insisted that this instruction is erroneous because it tells the jury that a *prima facie* case was made out by the finding of appellee's mule injured on the right-of-way of appellant's road. It is true, as insisted by counsel for appellant, the court should have told the jury that in order to make a *prima facie* case of negligence against appellant it devolves upon appellee to show that the mule was killed by the train. There is no error in giving this instruction, however, because the undisputed evidence showed that the mule was killed by the operation of the train. Both the engineer and fireman admitted that the running train struck the mule and injured him.

(4)   It is next insisted that the court erred in refusing to give instruction No. 2 asked by appellant. It is as follows:

"The court instructs the jury that the engineer operating the locomotive pulling a train has the right to operate the train upon the assumption that any animal on the track will get off before being struck by the train. In this case, if the animal was upon the track, or if it was near enough to the track to be struck by the engine, nevertheless the engineer had the right to assume that the animal would move out of the way before the train ar-

rived at the point where the animal was. If the animal started across the track in front of the engine suddenly, and if the animal remained still until the engine was only a short distance away and then started suddenly to cross the track in front of the engine, and if, after the engineer realized that the animal would cross in front of the engine, he was unable to slow the engine down or to stop it, so as to avoid the killing, in that event you will find for the defendants."

This instruction was not the law, and the court properly refused to give it to the jury. Its error consists in telling the jury that the engineer operating the train had a right to proceed upon the assumption that any animal on the track would get off before it was struck. This would be to attribute to an animal human intelligence and impute to it the same knowledge of danger and means of avoiding it, as to a human being.*

We find no prejudicial error in the record, and the judgment will be affirmed.

---

*(NOTE)—See *Kansas City Sou. Ry. Co.* v. *Simmons*, p. 80.—(Reporter.)